HARTZ, Circuit Judge,
concurring:
I join fully the opinion of Chief Judge Briscoe. I write separately only to explain why I think that there is substantial merit to Magnan’s argument that we need not defer under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) to the Oklahoma court’s jurisdictional ruling.
AEDPA provides:
An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
28 U.S.C. § 2254(d) (emphasis added). The question is whether a claim “was adjudicated on the merits in State court” if the state court had usurped (albeit in good faith) the exclusive jurisdiction of federal courts in prosecuting the case.
The language of § 2254(d) doés not explicitly address the issue. Given the overall thrust of AEDPA to limit federal-court interference in state-court prosecutions, one could be tempted to construe the provision broadly as requiring deference in federal habeas proceedings to state-court rulings on jurisdiction. But there are fundamental background principles at play that counsel caution.
First, the trial court’s jurisdiction has historically been the core consideration of habeas proceedings. It is apparently undisputed that in 1789 the common law granted courts the authority to provide habeas relief if the committing court lacked jurisdiction. See INS v. St. Cyr, 533 U.S. 289, 344, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (Scalia, J., dissenting) (“ ‘Once a person had been convicted by a superior court of general jurisdiction, a court disposing of a habeas corpus petition could not go behind the conviction for any purpose other than to verify the formal jurisdiction of the committing court.’ ” (quoting Oaks, Legal History in the High Court—Habeas Corpus, 64 Mich. L.Rev. 451, 453 (1966)) (brackets omitted)); Wright v. West, 505 U.S. 277, 285, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992) (Thomas, J.).' And in construing the Suspension Clause, U.S. Const, art. I, § 9, cl. 2 (“The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.”), the justices of the Supreme Court agree that “‘at the absolute minimum,’ [it] protects the writ ‘as it existed in 1789.’ ” Boumediene v. Bush, 553 U.S. 723, 815, 128 S.Ct. 2229, 171 L.Ed.2d 41 (2008) (Roberts, C.J., dissenting) (quoting St. Cyr, 533 U.S. at 301, 121 S.Ct. 2271); see id. at 844, 128 S.Ct. 2229 (Scalia, J., dissenting) (“The nature of the writ of habeas corpus that cannot be suspended must be defined by the common-law writ that was available at the time of the founding.”).
Second, federal courts do not defer to a state court’s determination of jurisdiction when the state assumed jurisdiction in violation of a grant of exclusive jurisdiction to the federal courts. See Travelers Indem. v. *1178 Bailey, 557 U.S. 137, 129 S.Ct. 2195, 2206 n. 6, 174 L.Ed.2d 99 (2009); Kalb v. Feuerstein, 308 U.S. 433, 438-39, 60 S.Ct. 343, 84 L.Ed. 370 (1940). Although the cited cases are civil disputes, not criminal prosecutions, res judicata principles are certainly no weaker in habeas proceedings, which, after all, are solely to set aside final judgments.
I do not suggest that these background considerations are dispositive. The Supreme Court has not resolved whether the Suspension Clause has any application to the States. And it may be enough that a state prisoner can seek review of a state court’s jurisdictional ruling by petitioning for a writ of certiorari in the Supreme Court. But as a matter of statutory interpretation of § 2254(d), one may question whether Congress has required the federal courts to defer to a state-court ruling rejecting a claim that the federal courts were the exclusive jurisdiction for prosecuting criminal charges against the defendant. Certainly the comity considerations that animated AEDPA do not apply to prosecutions that usurped exclusive federal jurisdiction.